NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE DIOS OLEA PALMA, AKA Juan Olea-Palma, AKA Juan De Dios Olea-Palma, AKA Juan Palma,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 16-70824<br><br>Agency No. A205-716-433<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Juan De Dios Olea Palma, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Olea Palma failed to show he could not safely relocate within Mexico, or that it would be unreasonable for him to do so, and thus did not establish a well-founded fear of future persecution. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("'[a]n applicant does not have a well-founded fear of [future] persecution if the applicant could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." (quoting 8 C.F.R. § 1208.13(b)(2)(ii))); *see also* 8 C.F.R. § 1208.13(b)(3)(i). Thus, Olea Palma's asylum claim fails.

In this case, because Olea Palma failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We reject as unsupported by the record Olea Palma's contentions that the agency ignored evidence.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**